Our File No. 51490-DFG/GED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHARON BOGAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, CHICAGO POLICE SERGEANT S. JASICA #2200, and CHICAGO POLICE OFFICERS M. BREEN #10558 and W. LANGLE #15098,<br><br>Defendants. | No. 09 C 3852<br><br>Judge Matthew F. Kennelly<br><br>Mag. Judge Sidney Schenkier |

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COME the Defendants, CITY OF CHICAGO, SERGEANT S. JASICA, OFFICER BREEN and OFFICER LANGLE, by and through their attorneys, QUERREY & HARROW, LTD., and for their Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law, states as follows:

1.      This is a civil action arising under 42 U.S.C. §1983.  The jurisdiction of this court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER:**   The Defendants admit the allegations contained in paragraph 1.

2.      Plaintiff Sharon Bogan is a resident of the Northern District of Illinois.

**ANSWER:**   These Defendants are without sufficient information to form a belief as to the veracity of the allegations of this paragraph of the Complaint.

3. Defendant City of Chicago is an Illinois municipal corporation joined in this action pursuant to 28 U.S.C. §1367. Pursuant to *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997), plaintiff joins the City to obtain a declaratory judgment of the City's obligation to indemnify defendants Jasica, Breen, and Langle Bogan for any judgment which may be entered against her for compensatory damages.

**ANSWER:** Defendants admit that the City of Chicago is an Illinois municipal corporation and that that Plaintiff purportedly joins the City to obtain a declaratory judgment of the City's obligation to indemnify defendants Jasica, Breen and Langle Bogan for any judgment that may be entered against them or either of them for compensatory damages. Defendants deny any duty to indemnify "Langle Bogan."

4. Defendant Chicago Police Sergeant S. Jasica, #2200 was at all relevant times acting under the color of her authority as a Chicago Police Officer.

**ANSWER:** The Defendants admit that Chicago Police Sergeant S. Jasica, #2200, was at all relevant times acting under the color of law of their authority as a Chicago Police Officer, but deny any wrongdoing in their actions.

5. Defendants Breen #10558 and Langle #15098 were at all relevant times acting under the color of their authority as Chicago Police Officers.

**ANSWER:** Defendants admit that Officer Breen #10558 and Officer Langle #15098 were at all relevant times acting under the color of law and their authority as Chicago Police Officers, but deny any wrongdoing in their actions.

6. In the early morning hours of May 9, 2009, plaintiff and four minor children were asleep in plaintiff's residence in the 6400 block of South Ashland Ave

when several Chicago Police Officers, including defendants Langle and Breen, acting under the direction and control of defendant Jasica, kicked in the front door and entered plaintiff's home with their guns drawn.

**ANSWER:** The Defendants lacks sufficient information or knowledge whether on May 9, 2009, the Plaintiff and four minor children were asleep in Plaintiff's residence at the 6400 block of South Ashland Avenue. Defendants deny that Breen and Langle were operating under the direction and control of Jasica, that they kicked in the front door or entered Plaintiff's home with their guns drawn.

7. After damaging the door, the officers, including defendants Langle and Breen, searched plaintiff's home, brandished their firearms in a menacing manner, and caused plaintiff to be scared, embarrassed, and distressed.

**ANSWER:** The Defendants admit that damage was done to Plaintiff's door. The Defendants deny the remaining allegations contained in paragraph 7.

8. The officers, including defendants Langle and Breen, did not have a warrant or any lawful basis to enter the plaintiff's home. Nor did the officers, including defendants Langle and Breen, have a warrant or any basis for the thorough search of plaintiff's home.

**ANSWER:** The Defendants admit that they did not possess a warrant, but deny the allegations that they had no lawful basis to enter Plaintiff's home. Defendants City of Chicago, Sergeant Jasica and Officers Breen and Langle deny that there was no basis for a thorough search of Plaintiff's home.

9. Defendant Jasica stood by while the officers conducted a thorough search of plaintiff's home and could have, but did not, intervene to stop the unlawful search.

**ANSWER:** The Defendants deny the allegations contained in paragraph 9.

10. The above described actions of defendants Jasica, Breen and Langle caused plaintiff to be deprived of rights as secured by the Fourth and Fourteenth Amendments of the Constitution and to incur property damage, and emotional distress, embarrassment, and humiliation.

**ANSWER:** The Defendants deny the allegations contained in paragraph 10.

11. Plaintiff hereby demands trial by jury.

**ANSWER:** The Defendants admit the allegations contained in paragraph 11.

WHEREFORE, the Defendants, City of Chicago, Sergeant S. Jasica, Officer Breen and Officer Langle pray for judgment against the Plaintiff, Sharon Bogan. The Defendants further request that this Court enter judgment in their favor and against the Plaintiff plus costs of litigation along with any such other relief as this Court deems equitable and just and dismiss this action with prejudice.

## JURY DEMAND

The Defendants request a Trial by jury.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, City of Chicago, Sergeant S. Jasica, Officer Breen and Officer Langle, by and through their attorneys, QUERREY & HARROW, LTD., and pleading in the alternative for their Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. That the actions of Sergeant Jasica, Officer Breen and Officer Langle were at all times proper and necessary responses in the enforcement of the law, within the scope of their employment as a City of Chicago Police Officers and under the color of law.

2. To the extent that Sergeant Jasica, Officer Breen and Officer Langle were each acting in the scope of their employment as a City of Chicago Police Officer and under the color of law, they are each entitled to qualified immunity.

3. At all relevant times herein, the local governmental and Governmental Employee Tort Immunity Act was in effect and immunized Sergeant Jasica, Officer Breen and Officer Langle. 745 ILCS 10/1-202.

4. To the extent that Defendants, Sergeant Jasica, Officer Breen and Officer Langle, are not liable for their respective acts and/or omissions in the execution or enforcement of any law unless that act or omissions constituted willful and wanton conduct, the City of Chicago is entitled to immunity. 745 ILCS 10/2-109; *Gordon v. Degelmann*, 29 F.3d 295, 298-291 (7th Cir., Ill. 1994); see also, *Taylor v. City of Chicago*, 2003 U.S. Dist. Lexis, 17433, 18-19 (N.D. Ill. Sept. 29, 2003).

5. The Defendant, City of Chicago cannot be held liable pursuant to 745 ILCS 10/9-102 or the doctrine of respondent superior where its employees are not found to be liable. *Taylor v. City of Chicago*, 2003 U.S. Dist. Lexis, 17433, 18-19 (N.D. Ill. Sept. 29, 2003).

6. That by failing to follow proper procedures offered to the plaintiff in order to cure any property damage incurred, the plaintiff failed to mitigate her damages.

QUERREY & HARROW, LTD.

By: s/ Terrence Guolee
One of their attorneys

Terrence F. Guolee
Gwendolyn E. Drake
Querrey & Harrow, Ltd.
175 West Jackson, Suite 1600
Chicago, IL 60604
(312) 540-7000
Document #: 1469381