IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON BOGAN, )
)
    *Plaintiff*, )
)
    -*vs*- ) No. 09 C 3852
)
CITY OF CHICAGO, et al., ) *(Judge Kennelly)*
)
    *Defendants* )

**Plaintiff's Motion for Judgment as a Matter of Law**

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, plaintiff, by counsel, moves the Court to enter judgment on liability in favor of plaintiff and against defendant Langle and Breen.

Grounds for this motion are as follows:

1.    Defendants seek to rely on the "hot pursuit" exception to the warrant clause, and contend that this case turns on whether a reasonable police officer would have believed that Antonio Pearson would be found in plaintiff's home in the early morning hours of May 9, 2009.

2.    Defendants are not entitled to present "hot pursuit" to the jury. Defendant Breen testified that he did not intentionally enter plaintiff's dwelling, but believed that he was going to the "outer porch." (Tr. 197.) Similarly, defendant Langle testified that he believed that the

door to plaintiff's apartment opened to "a patio or a mud room." (Tr. 245.) These defendants should not be entitled to rely on what appears to be an afterthought of "hot pursuit."

3. In the alternative, the evidence forecloses any rational finding of hot pursuit. Defense counsel conceded in his opening statement that the evidence could show only that Breen and Langle reasonably believed that Pearson "could or might have been on the other side of the door that they entered." (Tr. 165.)

4. Defendant Breen admitted that he "just guessed" that Pearson was "more likely to be in [plaintiff's] apartment than down the stairs." (Tr. 210).

5. Defendant Langle likewise admitted that he searched plaintiff's home because he had heard "that there was a male black on the back porch." (Tr. 235.)

6. The defense testimony means that a reasonable jury would not have a legally sufficient evidentiary to find for either defendant Langle or Breen on liability.

It is therefore respectfully requested that the Court enter judgment on liability in favor of plaintiff against defendant Langle and Breen.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*an attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Terrence Franklin Guolee, Esq., Querrey & Harrow, Ltd. , 175 W Jackson Blvd Ste 1600, Chicago, IL 60604, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)