IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON BOGAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09 C 3852 |
| CITY OF CHICAGO, SHANNON JASICA, MATTHEW BREEN, and WILLIAM LANGLE, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 9, 2010, the Court entered judgment in favor of the defendants, the City of Chicago and Chicago police officers Shannon Jasica, Matthew Breen and William Langle, and against plaintiff Sharon Bogan, based on a jury verdict. Defendants have petitioned for an award of costs in the amount of $2,312.55. Bogan objects to certain aspects of defendants' request and also asks the Court to deny costs entirely as a sanction for what Bogan characterizes as an unjustified request for costs. For the reasons stated below, the Court awards defendants costs in the amount of $736.60.

### Discussion

A prevailing party is presumptively entitled to recover "[c]osts other than attorneys' fees . . . as of course," Fed. R. Civ. P. 54(d)(1), and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v.*

*Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).  A court considering whether to award costs follows a two-part inquiry:  whether the costs are recoverable, and whether the costs were reasonably necessary to the litigation.  *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

Recoverable costs include "(1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.  A court can deny costs entirely under exceptional circumstances.  *Rivera v. City of Chicago* 469 F.3d 631, 635 (7th Cir. 2006); *Overbeek v. Heimbercker*, 101 F.3d 1225, 1228 (7th Cir. 1996); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

**1.    Appropriateness of particular costs requested**

    **a.    Deposition fees**

Bogan objects to defendants' request for reimbursement of deposition fees on two grounds.  First, Bogan contends that defendants have not shown why copies of Breen and Langle's videotaped depositions were reasonably necessary.  Depositions may be taken by "audio, audiovisual, or stenographic means," Fed. R. Civ. P. 30(b)(3),

2

and the cost of obtaining them is recoverable if they were reasonably necessary for use in the case. See 28 U.S.C. § 1920. "[T]he determination of necessity must be made in light of facts known at the time of the deposition." *M. T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). A court may tax the costs of a transcript and a videotape of the same deposition only if both are necessary and reasonable. See *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (4th Cir. 1999); *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *Top Tobacco, L.P. v. N. Atlantic Operating Co.*, No. 06 C 950, 2007 WL 1149220, at *7 (N.D. Ill. Apr. 17, 2007); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002).

In this case, defendants were aware that Bogan had copies of the videos of the depositions of Breen and Langle. Defendants have sufficiently shown that they obtained copies of the recordings in preparation for Bogan's anticipated use of these materials at trial, as indicated on Bogan's corrected list of potential trial exhibits. Given these circumstances, it was reasonably necessary for defendants to obtain copies of the video depositions.

Bogan also argues that because the videotaped depositions of Breen and Langle and the deposition transcript of Jasica were "copies" rather than the originals, recovery is limited to the $.90 per-page rate for transcript copies established by the Judicial Conference of the United States. The Court disagrees. Local Rule 54.1(d), which says that costs awarded for deposition transcripts "shall not exceed the regular-copy rate as established by the Judicial Conference of the United States and in effect at that time," "allows for recovery of the full charge, so long as it does not exceed the highest

maximum rate as established by the Judicial Conference." *Fletcher v. Chicago Rail Link, LLC*, No. 06 C 842, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007). Because the $2.95 per page rate requested for Breen and Langle's videotaped depositions and the $2.60 per page rate requested for Jasica's deposition transcript fall below the $3.65 maximum per-page rate established by the Judicial Conference, the Court allows recovery of these costs in the amount of $616.60.

### b. Shipping and handling costs

Bogan objects to the recovery of costs incurred with shipping and handling. Because these costs are considered "ordinary business expenses," they are not recoverable. *See e.g., American Nat. Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 956 (N.D. Ill. 2009) (deducting delivery and postage expenses from the prevailing party's videotaped deposition costs). The Court disallows the requested costs associated with the shipping and handling of Breen and Langle's video depositions and Jasica's deposition transcript and reduces defendants' requested costs by $46.50.

### c. Daily transcript of trial

The law allows recovery for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920, which includes trial transcripts and transcripts of other court proceedings. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). The determination of necessity must be made based upon the facts known at the time the transcript was requested. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). A prevailing party cannot recover costs associated with a transcript requested for its own convenience, but the transcript

4

"need not be absolutely indispensible" to the litigation. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Bogan contends, and the Court agrees, that obtaining a daily-rate transcript of the trial was not reasonably necessary. The court in *Majeske* found that a prevailing party's use of daily transcripts was reasonably necessary because it used the transcript "to record the court's oral rulings before and during trial, to prepare pre-trial and trial memoranda, to prepare direct examination questions for its witnesses, to anticipate cross-examination questions, to cross-examine plaintiffs' witnesses, to draft its post-trial briefs, and to respond to plaintiffs' post trial motions." *Majeske*, 218 F.3d at 825. Also significant in the *Majeske* court's determination of necessity was the length and complexity of the trial. *Id*. at 825 n. 3.

Unlike in *Majeske*, the trial in this case was quite short and was always expected to be such. The entire presentation of evidence took less than one day. And the facts were simple; the key events in question took place over a matter of minutes. By no stretch of the imagination was this a complicated case. Defendants' contention that they reasonably needed the daily transcript to prepare for the cross-examination of one of the defendants strains credulity to the breaking point.

The Court also rejects defendants' contention that the transcript was reasonably necessary to prepare a response to Bogan's post-trial motion. Bogan filed her motion on April 7, 2010 and noticed it for presentment on April 13, 2010. The Court made no order between those two dates directing defendants to respond, and as defendants certainly knew based on routine and consistent practice in this District, they were not

5

required to file a response prior to the date the motion was noticed for presentment. Rather, defendants took it upon themselves to file a response on the afternoon of April 12, 2010, the day before the presentment of Bogan's motion and before any order directing a response. In fact, no response was needed; the Court did not take Bogan's motion under advisement but rather denied it at the time of presentment without even considering the response defendants had filed.

In short, it was not reasonably necessary for defendants to file a response before April 13, as they knew or reasonably should have known that they would have had the opportunity to do so at a later date had the Court decided to take Bogan's motion under advisement. Nor was it reasonably necessary at the time defendants obtained the daily transcript in this exceedingly short trial to believe they would need it on short notice after trial. They would have had plenty of time to obtain the very short trial transcript had they been ordered to respond to Bogan's motion.

For these reasons, the Court reduces defendants' requested costs by $1,529.45.

### d. Court reporter attendance fee

Bogan does not object to reimbursement of the court reporter's attendance fee for Bogan's deposition, and the Court therefore taxes this cost to Bogan in the amount of $120.

## 2. Defendants' alleged misconduct

Bogan claims the bill of costs should be denied entirely because of defendants' claimed overreaching in requesting non-awardable costs. A court has the discretion to deny entirely when (among other situations) the prevailing party engaged in conduct

6

which resulted in "protracted and needless litigation." *Overbeek*, 101 F.3d at 1228. In *Overbeek*, the court denied costs because, over the course of the litigation, the prevailing party had "inexplicably refused over a dozen offers of the policy limit, needlessly pursued a trial, appealed the jury's decision not to award punitive damages even though the defendants were judgment-proof, vanished for large periods of time, frivolously argued for dual coverage, and even wasted time and resources . . . for no apparent reason." *Id.*

The Court does not share Bogan's view that defendants blatantly ignored "well established" rules for requesting costs. First, in contrast to *Overbeek*, defendants did not prolong the case. And although they requested recovery of non-recoverable shipping and handling fees, this amounted to only $46.50, and because they would have submitted the bill of costs with or without this item, it cannot be said to have prolonged the litigation. Second, the statutory term "necessarily obtained for use in the case" is open to interpretation. It makes no sense to deny a prevailing party costs altogether just because the Court disagreed with the party's application of that term in the particular circumstances. The Court therefore rejects Bogan's request to deny recovery of costs altogether.

## Conclusion

For the reasons stated above, the Court allows defendants' bill of costs in part and taxes costs in favor of defendants in the amount of $736.60.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 28, 2010